IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SERENE RENEE THOMAS, *Plaintiff* | § § § § § § § § § | SA-23-CV-00045-XR |
| -vs- | | |
| COMMISSIONER OF SOCIAL SECURITY, *Defendant* | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation in the above-numbered and styled case, filed January 11, 2023. ECF No. 1.

### BACKGROUND

Plaintiff Serene Renee Thomas filed her application for disability insurance benefits ("DIB") on October 4, 2019, claiming that her disability began on February 1, 2019. ECF No. 14 at 3. Plaintiff filed her DIB application based on fibromyalgia, migraines, sleep disorder, depression, anxiety, traumatic brain injury, back problems, and neck injury. *Id.*

After Plaintiff's DIB application was denied initially on November 15, 2019 and again upon reconsideration on May 15, 2020, Plaintiff thereafter requested an administrative hearing before an Administrative Law Judge ("ALJ"). *Id.* ALJ Gordon Momcilovic presided over her hearing on May 5, 2021, issuing an unfavorable decision on June 15, 2021. *Id.* at 3–4. The ALJ concluded that Plaintiff retained the ability to perform her past relevant work as an office manager and was therefore not disabled. *Id.* at 4.

On August 24, 2021, the Appeals Council remanded the ALJ's decision, directing the ALJ to specifically consider new evidence that it found to be material, including reports from Plaintiff's

1

physical therapist and opinion letters from two other doctors. *Id.* at 4–5. After holding a hearing on remand on June 29, 2022, the ALJ again issued an unfavorable decision on September 13, 2022. *Id.* at 5. Following the Appeals Council's denial of review on November 17, 2022, Plaintiff filed the instant case on January 11, 2023, seeking review of the administrative determination. ECF No. 1.

The Magistrate Judge concluded that the ALJ failed to properly analyze the material medical opinions submitted by Plaintiff's physical therapist and other doctors as directed by the Appeals Council. ECF No. 14 at 7. Specifically, the Magistrate Judge found that while the ALJ was not required to accept these three new medical opinions, he was required to explain how he considered the supportability and consistency factors for each of the new medical opinions of record. *Id.* at 8.[1]

The Commissioner responded that even if the ALJ did not expressly reference or analyze the supportability and consistency factors, the Court should assume that the ALJ impliedly considered the relevant factors. *Id.* at 9–10. The Magistrate Judge rejected this argument, finding that the ALJ failed to follow a specific directive from the Appeals Council on remand. *Id.* at 10. Further, the Magistrate Judge concluded that this was not harmless error: if the ALJ had adopted the medical opinions, it would have resulted in a finding of disability for Plaintiff. *Id.* Accordingly, the Magistrate Judge recommended that the Commissioner's finding that Plaintiff is not disabled be vacated and the case be remanded. *Id.* at 11.

## DISCUSSION

Any party who desires to object to a Magistrate Judge's findings and recommendations

---

[1] A discussion of supportability is an assessment of the objective support offered by the opining medical source for the limitations contained in his or her opinion. 20 C.F.R. §§ 404.1520c(c)(1–2). A consistency analysis should address whether the medical opinion is consistent with opinions and evidence from other sources. *Id.*

must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's report and recommendation was electronically transmitted to the parties on December 21, 2023. ECF No 14. No objections have been filed.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **VACATED** and this case is **REMANDED** to a new ALJ for further consideration consistent with the Magistrate Judge's Report and Recommendation. A final judgment will follow.

It is so **ORDERED**.

**SIGNED** this 29th day of January, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE